1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GUY M. BULLIS,

               Plaintiff,

    v.

MICHAEL FARRELL; and THE
LAW OFFICE OF MIKE FARRELL,
PLLC,

               Defendants.

C21-5839 TSZ

ORDER

14    THIS MATTER comes before the Court on defendants' motion to dismiss for lack

15 of personal jurisdiction, docket no. 10.  Having reviewed all papers filed in support of,

16 and in opposition to, the motion, the Court enters the following Order.

17 **Discussion**

18    Plaintiff Guy M. Bullis resides in Pierce County, Washington.  _See_ Compl. at ¶ 1

19 (docket no. 1).  Defendant Michael Farrell is an attorney who lives, and is licensed to

20 practice law, in Mississippi.  _Id._ at ¶ 2.  Farrell's professional limited liability company,

21 which is also named as a defendant, is likewise located in Mississippi, specifically at

22 210 E. Capital Street, Suite 1088, Jackson, Mississippi.  _Id._ at ¶¶ 2–3.  Plaintiff asserts

23

ORDER - 1

1  four claims against defendants, namely breach of fiduciary duty, legal malpractice,

2  breach of contract, and violation of Washington's Consumer Protection Act ("CPA"),

3  arising from defendants' representation of plaintiff in two lawsuits, one in Louisiana and

4  the other in Virginia. _Id._ at ¶¶ 74–101.14.  The operative pleading makes no allegation

5  that Farrell ever physically entered Washington, and Farrell has represented under oath

6  that he has never been to the state. _See_ Farrell Decl. at ¶ 3 (docket no. 10-1).  Plaintiff

7  concedes that defendants are not subject to general personal jurisdiction and relies solely

8  on specific personal jurisdiction as a basis for proceeding with this action in this District.

9  _See_ Pla.'s Resp. at 4 (docket no. 14).

10        The Court may exercise specific personal jurisdiction only if defendants have

11 "sufficient contacts with the forum state in relation to the cause[s] of action." _See_ _Sher v._

12 _Johnson_, 911 F.2d 1357, 1361 (9th Cir. 1990).  The sufficiency of defendants' contacts

13 with Washington must be evaluated using the following three-part test:  (i) whether

14 defendants purposefully directed their activities at the forum or a resident thereof;

15 (ii) whether plaintiff's claims arise out of or relate to defendants' forum-related activities;

16 and (iii) whether haling defendants into the forum is reasonable.  _See_ _id._; _see also_

17 _Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp._, 905 F.3d 597, 603 (9th Cir. 2018).

18 The reasonableness of requiring defendants to litigate in this District must be assessed

19 by balancing seven factors:  (i) the extent of defendants' purposeful interjection into the

20 forum's affairs; (ii) the burden on defendants of defending themselves in this District;

21 (iii) the extent of any conflict with the sovereignty of defendants' state; (iv) the forum's

22 interest in adjudicating the dispute; (v) the most efficient judicial resolution of the

23

ORDER - 2

1  controversy; (vi) the importance of the forum to plaintiff's interest in convenient and

2  effective relief; and (vii) the existence of an alternative venue.  *See* *Freestream*, 905 F.3d

3  at 607.  The above standards seek to ensure that a defendant will not be forced into a

4  jurisdiction "solely as a result of random, fortuitous, or attenuated contacts."  *Id.* at 603.

5      When an out-of-state attorney represents an in-state client in an out-of-state

6  matter, as is the situation in this case, the majority view is that the out-of-state lawyer

7  "does not purposefully avail himself of the client's home forum's law and privileges" in

8  the absence of "some evidence that the attorney reached out to the client's home forum to

9  solicit the client's business."  *Newsome v. Gallacher*, 722 F.3d 1257, 1280–81 (10th Cir.

10  2013); *see* Cassandra Burke Robertson, *Personal Jurisdiction in Legal Malpractice*

11  *Litigation*, 6 St. Mary's J. Legal Malpractice & Ethics 2, 19–20 (2016) (observing

12  that "the Tenth Circuit may have overstated whether there was a true 'majority view' on

13  personal jurisdiction over a non-resident attorney hired to assist with out-of-state needs,"

14  but "since it was decided, the [*Newsome*] case has been influential" and "[e]ven if the

15  *Newsome* court's position was not clearly the majority view at the time it was decided, it

16  appears to have become the majority view"); *see also* *Sher*, 911 F.2d at 1363 ("Out-of-

17  state legal representation does not establish purposeful availment of the privilege of

18  conducting activities in the forum state, where the law firm is solicited in its home state

19  and takes no affirmative action to promote business within the forum state.").

20      In an attempt to carry his burden of establishing personal jurisdiction, plaintiff

21  contends that defendants solicited him to become a client, relying on an email sent by

22  Farrell in January 2015 relating to the Louisiana action and an email sent by Farrell in

23

July 2017 concerning the Virginia matter.  *See* Compl. at ¶¶ 6, 12, & 22–23 (docket

no. 1).  Both emails transmitted a proposed attorney engagement agreement, which

plaintiff executed and returned electronically.  *Id.* at ¶¶ 10 & 24.  With respect to the first

email, plaintiff does not allege that Farrell knew where plaintiff resided at the time he

sent the email.  In contrast, Farrell has declared under penalty of perjury that plaintiff was

only one of over 150 individuals to whom Farrell sent emails in January 2015, inviting

them to join in the Louisiana lawsuit, and that, at the time, he did not know where

plaintiff was physically located.  Farrell Decl. at ¶¶ 10–15 (docket no. 10-1).  The

Louisiana action involved 78 former employees of Computer Science Corporation

("CSC"), only two of whom, including plaintiff, were citizens of Washington; the rest

provided addresses in 18 other states, an American territory, and two other countries.  *See*

*id.* at ¶ 19.  The record simply does not support a finding that Farrell knew plaintiff was

in Washington or purposefully directed his January 2015 solicitation at the forum.

        Farrell concedes that, when he sent the email in July 2017, asking plaintiff to

participate in the Virginia lawsuit, he had constructive, if not actual, notice that plaintiff

had a home in Dupont, Washington.  Defs.' Reply at 3 (docket no. 17).  Plaintiff provided

his address in response to Farrell's January 2015 email, and Farrell used the citizenship

information to allege diversity jurisdiction in the Louisiana case.  *See* Farrell Decl. at ¶ 18

(docket no. 10-1).  The Court is not, however, persuaded that the second solicitation or

any other email correspondence between Farrell and plaintiff constitutes the type of

purposeful availment or direction that supports the exercise of personal jurisdiction.  As

indicated in Farrell's declaration, plaintiff's work occasionally required him to reside

abroad; when plaintiff received CSC's offer letter via email in 2010, he was in Balad, Iraq, even though the offer letter bore a postal address in Dupont, Washington.  *See id.* at ¶ 27.  Farrell is not alleged to have sent any document to plaintiff via U.S. mail or other delivery service, or to have spoken directly with plaintiff via phone or equivalent means during the course of representing him, and the Court cannot conclude, based on the facts stated in the complaint, that Farrell knew his emails were being received in Washington or aimed his electronic communications toward the state.

Even if Farrell were, however, deemed to have purposefully directed his actions at the forum, the Court would nevertheless be convinced that requiring defendants to defend against plaintiff's claims in this District would not be reasonable and would violate traditional notions of fair play and substantial justice.  The minimal nature of Farrell's interjection into the forum, the high burden on him and his firm associated with litigating so far away from home, Mississippi's substantial interest in regulating the conduct of lawyers licensed to practice there, and Washington's lack of interest in adjudicating whether a Mississippi attorney committed malpractice in Louisiana and/or Virginia weigh strongly against exercising personal jurisdiction over defendants in this matter.  *See Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 876–77 (11th Cir. 2018) (observing that the plaintiffs' home state, Georgia, had "a limited interest" in adjudicating a dispute involving Florida lawyers who allegedly committed malpractice and fraud in the courts of New York).  Although proceeding in Washington would offer plaintiff more convenience and less expense, plaintiff can obtain relief in a different venue that will be as effective as any remedy secured in this District.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1)     Defendants' motion to dismiss, docket no. 10, is GRANTED in part and DENIED in part.  The Court concludes that it lacks personal jurisdiction over defendants, but declines to dismiss this case, and instead TRANSFERS the matter to the Southern District of Mississippi.  *See* 28 U.S.C. § 1631.

(2)     The Clerk is directed to send a copy of this Order to all counsel of record and to effect the transfer of this action fifteen (15) days after entry of this Order.

IT IS SO ORDERED.

Dated this 4th day of March, 2022.

Thomas S. Zilly
United States District Judge